UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
LIBERTY MUTUAL FIRE INSURANCE COMPANY,

                                              Civil Action No.

                Plaintiff,

    -against-                                      **COMPLAINT**

AMERICAN ZURICH INSURANCE COMPANY,

                Defendant.
-----------------------------------------------------------------------x

**M A D A M S/S I R S:**

Plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, as and for its Complaint against defendant AMERICAN ZURICH INSURANCE COMPANY ("Zurich"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000 exclusive of costs.

2. At all times hereinafter mentioned, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the State of Wisconsin, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

3. At all times hereinafter mentioned, Liberty Mutual was, and still is, an insurance company duly authorized to conduct business within the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, Zurich was, and still is, a stock insurance company organized under the laws of the State of

1

Illinois, with its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196.

5. Upon information and belief, at all times hereinafter mentioned, Zurich was, and still is, an insurance company duly authorized to conduct business within the State of New York.

## SUBSTANTIVE ALLEGATIONS

6. On or about June 22, 2017, Eric Barr ("Eric") and Kristen Barr ("Kristen") commenced an action entitled <u>Eric Barr and Kristen Barr v. The Howard Hughes Corporation, Shawmut Woodworking and Supply, Inc., individually and d/b/a Shawmut Design and Construction, IPIC Gold Class Entertainment, LLC, individually and d/b/a IPIC Fulton Market, IPIC Media, LLC individually and d/b/a IPIC Fulton Market, IBEX Construction Company, LLC, South Street Seaport Limited Partnership, Seaport Development Holdings, LLC, Oceanside Center NY, LLC, New York City Economic Development Corporation and The City of New York, et al.</u>, Index No. 155676/2017, which is pending in the Supreme Court of the State of New York, New York County (the "Underlying Action").

7. In the Underlying Action, Eric and Kristen allege that, on July 25, 2016, Eric suffered bodily injury in the movie theatre complex ("The Theatre") that was being constructed within the premises known as 11 Fulton Street, New York, NY ("11 Fulton Street").

2

8. In the Underlying Action, Eric and Kristen allege that, while performing construction work at The Theatre, Eric was caused to lose his balance and fall, and was thereby seriously injured.

9. In the Underlying Action, Eric and Kristen allege that Eric was injured due to the negligent, dangerous, and trap-like condition within The Theatre, and that the alleged accident and Eric's subsequent injuries were caused solely through the negligence of the defendants in the Underlying Action.

10. In the Underlying Action, Eric and Kristen allege that defendants were under a duty to coordinate, guard, arrange, operate and conduct the work being performed at The Theatre and 11 Fulton Street and the ways and approaches to Eric's place of work, in such a manner as to provide for his reasonable and adequate protection and safety, and that defendants failed to do so, in violation of Sections 200 and 241(6) of the Labor Law of the State of New York and Industrial Code, Rule 23.

11. In the Underlying Action, Kristen alleges that due to the complained of accident and injuries sustained by her husband Eric, she was and continues to be deprived of the love, companionship, consortium and services of her husband Eric.

12. In the Underlying Action, Eric and Kristen allege that The Howard Hughes Corporation ("Howard Hughes")(until the Underlying Action was dismissed against it), South Street Seaport Limited Partnership ("South Street"), and Seaport Management Development Company LLC ("Seaport") are liable because they owned, leased, operated, maintained, managed, and controlled construction, renovations, and/or alterations of 11 Fulton Street and The Theatre, and were the general contractor,

3

construction manager, of 11 Fulton Street and The Theatre, and entered into contracts for the construction, renovation and/or alteration work of The Theatre at 11 Fulton.

13. In the Underlying Action, Eric and Kristen allege that IPIC Gold Class Entertainment, LLC, individually and d/b/a IPIC Fulton Market, ("IPIC") have responsibility and liability for the accident alleged therein.

14. In the Underlying Action, on or about August 1, 2017, a motion to dismiss Howard Hughes was filed.

15. By Decision and Order of Hon. Barbara Jaffe, J.S.C., dated August 17, 2018, Howard Hughes' motion to dismiss was granted, and the Verified Complaint in the Underlying Action was dismissed as against Howard Hughes.

16. The City of New York (as successor in interest to the South Street Seaport Corporation), as Landlord, and South Street (as successor in interest to Seaport Marketplace, Inc.), as Tenant, entered into an Amended and Restated Agreement of Lease dated June 27, 2013 for the space which includes The Theatre and 11 Fulton Street, commencing on December 15, 1981 and expiring December 30, 2031.

17. South Street, as Landlord, and IPIC, as Tenant, entered into a lease dated December 11, 2013 for the demised premises, including The Theatre located at 11 Fulton Street ("South Street/IPIC Lease"), for a period of twenty years commencing on the Commencement Date.

18. Pursuant to Article 7.3 (a) of the South Street/IPIC Lease, IPIC is required to maintain commercial liability insurance, with a $5 million per occurrence limit, and add "Landlord (and its designees), City of New York, NYC Economic Development

4

Corporation, Apple Industrial Development Corporation, Landlord's lender, and their respective affiliates, officers, directors, employees and agents, and all other parties designated by Landlord... as an additional insured under the liability insurance policies ...".

19. Pursuant to Article 7.3(a) of the South Street/IPIC Lease, IPIC is required to name South Street (Landlord), Landlord's affiliates, Seaport, and Howard Hughes as additional insureds under IPIC's liability insurance policies.

20. Pursuant to Article 7.3(f)(ii) of the South Street/IPIC Lease, IPIC agreed that the insurance it is required to provide "shall be primary without right of contribution of any other insurance carried by or on behalf of the insureds."

21. IPIC, as Owner, and Shawmut, as Contractor, entered into an AIA Document A102-2007 Standard Form of Agreement Between Owner and Contractor, dated August 14, 2015 ("the A102 Contract"), pursuant to which Shawmut agreed to perform certain work on the project designated as "South Street Seaport" ("the Project"), including The Theatre.

22. Shawmut Woodworking and Supply, Inc. ("Shawmut"), as Contractor, and Atlas as Subcontractor, entered into a Standard Subcontract dated September 22, 2015 ("the Shawmut/Atlas Subcontract"), pursuant to which, Atlas was required to perform certain work on the Project, including the Theatre.

23. According to his Verified Bill of Particulars filed in the Underlying Action, dated November 30, 2017, Eric was employed by Atlas as an electrician and performing work on the Project at the time of the alleged accident.

Corporation, Apple Industrial Development Corporation, Landlord's lender, and their respective affiliates, officers, directors, employees and agents, and all other parties designated by Landlord... as an additional insured under the liability insurance policies ...".

19. Pursuant to Article 7.3(a) of the South Street/IPIC Lease, IPIC is required to name South Street (Landlord), Landlord's affiliates, Seaport, and Howard Hughes as additional insureds under IPIC's liability insurance policies.

20. Pursuant to Article 7.3(f)(ii) of the South Street/IPIC Lease, IPIC agreed that the insurance it is required to provide "shall be primary without right of contribution of any other insurance carried by or on behalf of the insureds."

21. IPIC, as Owner, and Shawmut, as Contractor, entered into an AIA Document A102-2007 Standard Form of Agreement Between Owner and Contractor, dated August 14, 2015 ("the A102 Contract"), pursuant to which Shawmut agreed to perform certain work on the project designated as "South Street Seaport" ("the Project"), including The Theatre.

22. Shawmut Woodworking and Supply, Inc. ("Shawmut"), as Contractor, and Atlas as Subcontractor, entered into a Standard Subcontract dated September 22, 2015 ("the Shawmut/Atlas Subcontract"), pursuant to which, Atlas was required to perform certain work on the Project, including the Theatre.

23. According to his Verified Bill of Particulars filed in the Underlying Action, dated November 30, 2017, Eric was employed by Atlas as an electrician and performing work on the Project at the time of the alleged accident.

24. Upon information and belief, in compliance with the South Street/IPIC Lease, IPIC obtained a Commercial Insurance policy, with a Commercial General Liability part, No. GLA 0137163-01, with a policy period of October 1, 2015 to October 1, 2016, from Zurich (the "Zurich Policy").

25. Upon information and belief, the Zurich Policy contains an endorsement entitled "Additional Insured – Automatic – Owners Lessees or Contractors", ("Zurich AI Endorsement") which provides, in part, as follows:

> **A.** Section II - **Who Is An Insured** is amended to include as an additional insured any person or organization whom you are required to add as an additional insured on this policy under a written contract or written agreement. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> **1.** Your acts or omissions; or
> **2.** The acts or omissions of those acting on your behalf,
>
> in the performance of your ongoing operations or "your work" as included in the "products-completed operations hazard", which is the subject of the written contract or written agreement.
>
> However, the insurance afforded to such additional insured:
>
> **1.** Only applies to the extent permitted by law; and
> **2.** Will not be broader than that which you are required by the written contract or written agreement to provide for such additional insured.

26. Pursuant to the terms of the Zurich Policy, South Street, Seaport, and Howard Hughes qualify as additional insureds for the claims alleged in the Underlying Action.

6

27. Liberty Mutual Fire Insurance Company ("Liberty Mutual") issued a CGL Policy, No. TB2-691-463362-035, with a policy period of December 1, 2015 to December 1, 2016, to Howard Hughes, as the first Named Insured (the "LMFIC Policy").

28. South Street and Seaport qualify as Named Insureds under the LMFIC Policy.

29. By letter dated October 31, 2016, Liberty Mutual tendered the defense and indemnity of South Street, Seaport and Howard Hughes for the Underlying Action to Zurich, IPIC's insurer.

30. By email dated August 15, 2018, Harriet E. Williams, Claim Specialist II of Zurich responded, in part, as follows:

> You will be receiving my formal tender acceptance letter before the end of the week, but it will only be for South Street Seaport Limited Partnership. I will consider acceptance of Howard Hughes Corporation if you can show if they are a partner of a shareholder in the South Street Seaport Limited Partnership... "

31. By letter dated November 8, 2019, counsel for Liberty Mutual followed up with Zurich on the status of its acceptance of Liberty Mutual's tender for insurance coverage on behalf of South Street and Seaport for the claims alleged in the Underlying Action, providing the affidavit of Aaron Grodin, Senior Associate General Counsel, Litigation, of Howard Hughes, and specifically showing that South Street and Seaport are both wholly owned subsidiaries of Howard Hughes, and as such, are affiliated companies.

32. Liberty Mutual's November 8, 2019 letter also sets forth the provision in the South Street/IPIC Lease requiring IPIC to obtain liability insurance and to name South Street, as Landlord, and Seaport, its affiliate, as additional insureds, and reiterates to Zurich that, as affiliates, they are entitled to additional insured coverage under the Zurich Policy, pursuant to the South Street/IPIC Lease.

33. Zurich has not responded to Liberty Mutual's November 8, 2019 letter.

34. Although it agreed to provide a defense for South Street, Zurich has failed and refused to actually provide a defense to South Street for the Underlying Action.

35. The Zurich AI Endorsement contains a specific "Other Insurance" provision that provides, in part, as follows:

> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured provided that:
> a. The additional insured is a Named Insured under such other insurance; and
> b. You are required by written contract or written agreement that this insurance be primary and not seek contribution from any other insurance available to the additional insured.
>
> This insurance is excess over:
>
> Any of the other insurance, whether primary, excess, contingent or on any other basis, available to an additional insured, in which the additional insured on our policy is also covered as an additional insured on another policy providing coverage for the same "occurrence", offense, claim or "suit". This provision does not apply to any policy in which the additional insured is a Named Insured on such other policy and where our policy is required by a written contract or written agreement to provide coverage to the additional insured on a primary and noncontributory basis.

8

36.     For Named Insureds, the LMFIC Policy contains an applicable excess "Other Insurance" provision that provides, in part, as follows:

> b. Excess Insurance
>
> (1) This insurance is excess over:
>
> * * *
>
> (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

37.     Based on the "Other Insurance" provisions in the LMFIC Policy, the coverage provided by the LMFIC Policy is excess to the coverage provided by the Zurich Policy to South Street, Seaport, and Howard Hughes.

38.     As a result of Zurich's breach of its duty to defend, Liberty Mutual has been forced to drop down and provide a defense to South Street, Seaport, and Howard Hughes (for the period that Howard Hughes was a party defendant) for the Underlying Action.

## AS AND FOR A FIRST CLAIM FOR RELIEF

39.     Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "38" of this Complaint as if more fully set forth herein.

9

40. South Street, Seaport, and Howard Hughes qualify as additional insureds under the Zurich Policy for the claims alleged in the Underlying Action.

41. Zurich owes South Street, Seaport, and Howard Hughes (for the period that Howard Hughes was a party defendant) a duty to defend and indemnify for the claims alleged in the Underlying Action.

42. Although duly demanded, Zurich has failed and refused to provide a primary defense and indemnification to South Street, Seaport, and Howard Hughes for the claims alleged in the Underlying Action.

43. Liberty Mutual seeks a determination of its rights with regard to the Zurich Policy, including a declaratory judgment that Zurich was and is required to defend and indemnify South Street and Seaport, and Howard Hughes (for the period Howard Hughes was a party defendant) for the Underlying Action under the Zurich Policy, and such coverage applies on a primary basis before coverage under the LMFIC Policy applies to South Street, Seaport, and Howard Hughes.

44. Liberty Mutual has no adequate remedy at law.

### AS AND FOR A SECOND CLAIM FOR RELIEF

45. Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "44" of this Complaint as if more fully set forth herein.

46. As a result of Zurich's failure to acknowledge that it owes a primary duty to defend South Street, Seaport, and Howard Hughes, Liberty Mutual has been

10

required to pay for South Street, Seaport, and Howard Hughes' defense for the Underlying Action.

47. As a result of Zurich's failure to acknowledge its primary duty to defend South Street, Seaport, and Howard Hughes for the Underlying Action, Liberty Mutual has incurred substantial attorneys' fees and other costs to defend South Street, Seaport, and Howard Hughes.

48. Zurich failed and refused to acknowledge its primary coverage obligation and to reimburse Liberty Mutual for costs incurred to defend South Street, Seaport, and Howard Hughes.

49. As a result of the foregoing, Liberty Mutual is entitled to a money judgment against Zurich in an amount equal to what Liberty Mutual has incurred and will incur to defend South Street, Seaport, and Howard Hughes for the Underlying Action, in an amount to be determined by the Court, plus interest.

**WHEREFORE**, Liberty Mutual demands judgment as follows:

1. On the first claim for relief, a declaratory judgment determining the respective rights and obligations of Liberty Mutual and Zurich with respect to their liability insurance coverage obligations for South Street, Seaport, and Howard Hughes for the Underlying Action, including a declaratory judgment that Zurich is required to defend and indemnify South Street, Seaport, and Howard Hughes for the Underlying Action, and such coverage would apply on a primary basis before coverage under the LMFIC Policy applies to South Street, Seaport, and Howard Hughes;

2. On the second claim for relief, a money judgment in favor of Liberty Mutual and against Zurich, in an amount to be determined by the Court, plus interest, and

3. Granting Liberty Mutual recovery of the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 18, 2020

Yours, etc.,

JAFFE & ASHER LLP

By: _____
Marshall T. Potashner, Esq.
Attorneys for Plaintiff
LIBERTY MUTUAL FIRE INSURANCE COMPANY
445 Hamilton Avenue, Suite 405
White Plains, New York 10601
(212) 687-3000